```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------
In re

     TANYA R. CALLOWAY,                                             09-12133 B

                    Debtor                           DECISION & ORDER
---------------------------------------------------
```

                    Diane Ciurczak, Esq.
                    295 Main Street, Suite 1088
                    Buffalo, New York 14202
                    Attorney for the Debtor

                    Bulan, Chiari, Horwitz & Ilecki LLP
                    William Ilecki, Esq., of counsel
                    1321 Millersport Hwy, Suite 101
                    Buffalo, New York 14221
                    Attorneys for 1256 Hertel Avenue Associates, LLC


Bucki, Chief U.S.B.J., W.D.N.Y.,

     Pursuant to 11 U.S.C. § 522(f), the debtor has moved to avoid a judgment lien that a creditor had perfected prior to August 30, 2005, that being the effective date of the statutory amendment that increased New York's homestead exemption from $10,000 to $50,000. Asserting that the amendment can have no retroactive effect, the judgment creditor objects to the debtor's motion on both statutory and constitutional grounds.

     Tanya R. Calloway filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 12, 2009. As reported on schedules filed with her petition, Ms. Calloway resides on property that she owns at 118 Homer Avenue in the City of Buffalo. Also on her schedules, Ms. Calloway has duly claimed a homestead exemption with respect to equity in excess of an outstanding first mortgage.

     In July 2009, the debtor filed the present motion to avoid the liens of two outstanding judgments. The earlier judgment is held by 1256 Hertel Avenue Associates, LLC, and was docketed in the Erie County Clerk's Office on July 11, 2003, for the original amount of $4,682.50. Progressive Northeastern Insurance Company holds the more recent judgment, which was docketed on December

31, 2008, to secure a principal indebtedness of $5,973.40. In her moving papers, Ms. Calloway represents that her home has a value of $110,000, and that it was encumbered by a first mortgage given to secure a note on which the debtor owes a remaining balance in excess of $84,000. Ms. Calloway claims, therefore, that on the day of bankruptcy filing, her real estate had an outstanding equity of less than $26,000.

Of the two judgment creditors, only 1256 Hertel Avenue Associates, LLC, has objected to the debtor's motion. In its responding papers, the creditor takes no issue with the debtor's valuation or with her calculation of homestead equity. Rather, 1256 Hertel Avenue Associates focuses its argument on the fact that it perfected its judgment lien prior to August 30, 2005.

Section 522(f) of the Bankruptcy Code allows a debtor to avoid judgment liens that impair a homestead exemption. Effective as of August 30, 2005, the State of New York amended C.P.L.R. §5206 to increase the allowed homestead exemption from $10,000 to $50,000. If this higher amount applies in the present instance, the debtor may properly exempt the entire equity value of her residence. However, if the applicable homestead exemption were limited to $10,000, then non-exempt equity would secure the entire judgment of 1256 Hertel Avenue Associates, LLC.

In *CFCU Community Credit Union v. Hayward*, 552 F.3d 253, 269 (2nd Cir. 2009), the Court of Appeals held that the 2005 amendment to C.P.L.R. § 5206 "applies retroactively in post-enactment filings to contract-based debts that preceded its enactment." Further, the Court ruled that "retroactive application of the exemption does not violate the constitutional rights of pre-enactment, contract-based creditors who have not reduced the debt owed to them to judgment." *Id.* at 269. In seeking now to distinguish the decision in *CFCU Community Credit Union v. Hayward*, 1256 Hertel Avenue Associates argues that a different outcome is compelled by reason of its status as a judgment lien creditor.

1256 Hertel Avenue Associates contends that the 2005 amendment to C.P.L.R. § 5206 does not apply retroactively to judgment lienors, as a matter of both statutory interpretation and Constitutional Law. As to the non-constitutional issues, the respondent's counsel repeats the same

arguments that he made previously to this court in *In re Nguyen*, Bk. No. 05-92833, slip op. (Bankr. W.D.N.Y. Sept. 22, 2009). Accordingly, I will now repeat essentially the same reasoning for rejecting the respondent's position.

The controlling statutes contain no suggestion of ambiguity or uncertainty of result. New York's homestead exemption was amended through enactment of Chapter 623 of the state's 2005 Session Laws. Paragraph 2 of this statute provides that the act "shall take effect immediately." As a consequence, C.P.L.R. § 5206 was immediately changed to provide that a homestead "not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof." Pursuant to Debtor and Creditor Law § 282, Tanya Calloway has exercised her right to exempt this same property from the bankruptcy estate. Therefore, pursuant to 11 U.S.C. § 522(f), the debtor may now avoid judgment liens that impair a homestead not exceeding $50,000 in value.

My esteemed colleague, the Honorable Michael J. Kaplan, has fully considered the present issue of statutory construction in his decision in *In re Trudell*, 381 B.R. 441 (Bankr. W.D.N.Y. 2008). For the same reasons stated by Judge Kaplan, I agree with his conclusion that the amended homestead exemption applies to all obligations, even those that were reduced to judgment prior to August 30, 2005. As noted by the New York Court of Appeals in *Watson v. New York Central Railroad Company*, 47 N.Y. 157, 162 (1872), "a judgment creditor of an owner has no estate or proprietary interest in the land." Because a judgment creditor derives its rights from statutes, the legislature may modify those rights with immediate effect.

As a supplement to his argument in *In re Nguyen,* the respondent's counsel challenges the constitutionality of the 2005 amendment, to the extent that it applies to judgments in existence prior to the effective date of that amendment. Further, the respondent has now complied with the requirements of Bankruptcy Rule 9005.1 and Federal Rule of Civil Procedure 5.1, which require that a notice of constitutional question be filed and served on the New York State Attorney General.

Substantively, 1256 Hertel Avenue Associates contends that the 2005 amendment unconstitutionally interferes with a vested property interest. The respondent's argument fails, however, because under New York law, a judgment does not create any vested property interest that the 2005 amendment can impair. Again, in *Watson v. New York Central Railroad Company*, 47 N.Y. 157, 162-63 (1872), the New York State Court of Appeals has fully addressed the respondent's concern:

> "[A] Judgment creditor . . . stands wholly upon the law, which gives him remedy for the collection of his debt by a sale of land under execution, in case sufficient personal property of the debtor should not be found. This remedy is not secured by contract, but is purely statutory, and in aid of it acts have been passed, from time to time, authorizing a sale of the land which the debtor owned at the time of the recovery or docketing of the judgment, or at any subsequent period, and making the judgment a lien upon the land. The duration of this lien and the mode of its enforcement and discharge are subjects which appertain to the laws for the collection of debts; and the rules upon those subjects have been changed, from time to time, according to the will of the legislature. The power of the legislature to regulate those matters cannot be doubted. Acts have been passed shortening and lengthening the duration of the liens of existing judgments, and even providing for their extinguishment without any proceeding to which the judgment creditor was a party. . . . Yet the validity of such laws has been fully recognized even where they affected existing claims or judgments. They do not take away property, or affect the obligation of contracts, but simply affect legal remedies."

For these same reasons, the 2005 amendment to C.P.L.R. § 5206 does not impair any contractual right or take any vested property interest of the judgment creditor, and accordingly does not impose any unconstitutional restraint on the rights of 1256 Hertel Avenue Associates, LLC. Until a judgment creditor recovers its claim from the equity of real property, it acquires no vested property interest. Rather, the judgment serves as a remedy whose enforcement is subject to statutory change.

As required by 28 U.S.C. § 2403, this court has recently certified the existence of a constitutional question to the New York State Attorney General. Nonetheless, pursuant to Rule 5.1(c) of the Federal Rules of Civil Procedure, as made applicable to bankruptcy proceedings by Bankruptcy Rule 9005.1, this court need not defer the present decision for two reasons. First, more than 60 days have already passed since the respondent gave notice to the Attorney General of papers drawing into question the constitutionality of the 2005 amendment to C.P.L.R. § 5206. Second, the possibility for

intervention does not serve as grounds for delay of a decision upholding the constitutionality of a decision. Fed. R. Civ. Pro. 5.1(c). Nonetheless, as an additional safeguard of the interests of New York State, the court will direct that the respondent serve the Attorney General with a notice of any appeal from this decision and order.

For the reasons stated herein, the debtor's motion to avoid judgment liens is in all respects granted. Accordingly, the judgments of 1256 Hertel Avenue Associates, LLC, and Progressive Northeastern Insurance Company are avoided as liens against the debtor's homestead at 118 Homer Avenue. This avoidance is subject, however, to the provisions of 11 U.S.C. § 349(b)(1), which provides that unless the court orders otherwise, a dismissal of this case will automatically reinstate the above referenced liens.

So ordered.

Dated: Buffalo, New York            /s/      CARL L. BUCKI
       February 16, 2010            Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.